Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br>Parte Recurrida<br><br>v.<br><br>JULIÁN ALEXIS RODRÍGUEZ APONTE<br>Parte Peticionario | KLCE202500500 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Crim. Núm.: ISCR202400912-914<br><br>Sobre:<br>Art. 6.05 Ley168, Art. 6.22 Ley 168 y Art. 404 Ley 4 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

El 7 de mayo de 2025, el señor Julián A. Rodríguez Aponte (señor Rodríguez Aponte) por conducto de su representación legal, presentó ante nosotros, *Petición de Certiorari*. En su recurso, nos solicita que expidamos el auto y revoquemos la Resolución emitida y notificada el 8 de abril de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante el aludido dictamen, el foro primario declaró No Ha Lugar la solicitud de supresión de evidencia presentada por el señor Rodríguez Aponte.

Luego de examinado el recurso presentado en su totalidad, en conjunto con sus apéndices y escuchada la regrabación de la vista, decidimos **denegar** la expedición del auto solicitado.

I.

Por unos hechos ocurridos el 28 de noviembre de 2022, se presentaron denuncias contra el señor Rodríguez Aponte por infracción al Art. 6.05 (grave-portación y uso de armas de fuego sin licencia); Art. 6.22 (grave-posesión y uso de municiones) de la Ley

de Armas de Puerto Rico y el Artículo 404 A (grave- posesión) de la Ley de Sustancias Controladas. Luego de celebrada la Vista Preliminar y haberse determinado causa por todos los delitos imputados, se presentaron las acusaciones correspondientes contra el señor Rodríguez Aponte.

Luego de varias incidencias procesales, el 25 de noviembre de 2024, el señor Rodríguez Aponte, por conducto de su representante legal, presentó *Moción Solicitando Supresión de Evidencia.* En su escrito, argumentó que la evidencia que tenían en su contra y ocupada en su vehículo de motor, se obtuvo mediante un registro ilegal, sin orden de allanamiento e invasión a su expectativa de intimidad. También señaló que los testimonios de los agentes fueron unos estereotipados, inverosímiles, improbables y contradictorios.

El 12 de diciembre de 2024, el Ministerio Público presentó su oposición a la solicitud de supresión. Arguyó, en apretada síntesis, la ausencia de hechos precisos o las razones específicas que amparen la supresión solicitada. Por otra parte, y a la luz de los hechos del caso, discutió la doctrina de los motivos fundados, de evidencia a plena vista y la presunción de validez de los registros sin orden.

El 11 de febrero de 2025, se celebró la vista de supresión de evidencia. A dicho señalamiento, el Ministerio Público presentó los testimonios del Sargento Mario Mass López y el agente Vidal Vázquez Acevedo. Igualmente, el Ministerio Público presentó como prueba documental la prueba de campo, la cual el TPI admitió en evidencia.

Sometido el caso, el 8 de abril de 2025, el TPI emitió su decisión declarando No Ha Lugar la solicitud de supresión.

Inconforme, el señor Rodríguez Aponte presentó la Petición de *Certiorari* que nos ocupa, en el cual alega que el TPI incurrió en el siguiente error:

> Erró el TPI al declarar No Ha Lugar la Moción Solicitando Supresión de Evidencia.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], eximimos la comparecencia del Procurador General y resolvemos denegar la expedición del auto de *certiorari*, sin trámite ulterior.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). La expedición de este, como señala la ley, queda en la sana discreción de este Tribunal. *Íd.*

Por ello, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este Tribunal debe tomar en consideración al ejercer su discreción y determinar si es procedente la expedición de un auto de *certiorari* o de una orden de mostrar causa. A esos efectos, la referida regla dispone, en lo pertinente, lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[1] 4 LPRA Ap. XXII-B, R. 7(B)(5).

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

En el presente recurso, el señor Rodríguez Aponte solicita que revoquemos la determinación del foro *a quo* al denegar la supresión de evidencia. El único error esbozado fue "*…declarar No Ha Lugar la Moción Solicitando Supresión de Evidencia.*"  En ánimo de superar la generalidad del error señalado, analizamos la discusión de error. Allí nos encontramos igualmente con argumentos y doctrinas generales sobre registro ilegal, testimonios estereotipados y motivos fundados.

Luego de escuchar la vista y los argumentos del recurso, forzosamente tenemos que concluir que la discusión del error está carente de especificidad, entiéndase hechos precisos o las razones específicas que sustenten la supresión solicitada. No encontramos las contradicciones, relatos estereotipados o relatos inverosímiles que movieran nuestro ánimo a una conclusión diferente de la tomada por el TPI. En realidad, nos parece que el señor Rodríguez Aponte lo que pretendía con el recurso que nos ocupa, era atacar la

credibilidad del testimonio de los agentes y no los motivos fundados de la intervención y el registro. Lo anterior, no limita a que el señor Rodríguez Aponte durante el juicio en su fondo impugne la credibilidad de la prueba testimonial y admisibilidad de toda la prueba que sea presentada.

En cuanto al TPI concluimos que su dictamen detalla con particularidad los eventos previos y posteriores, así como las razones y motivos para el arresto. Las determinaciones de hechos y la aplicación del derecho que se mencionan en la *Resolución* recurrida, no nos parecen arbitrarias, ni irrazonables a la luz de los hechos del caso y la etapa de los procedimientos. En otras palabras, el señor Rodríguez Aponte, no nos puso en condiciones de desvalorizar la credibilidad y valor evidenciario que le reconoció el TPI durante la vista de supresión de evidencia.

En resumen, luego de nuestro análisis sosegado a la luz de los criterios esbozados en la Regla 40 de nuestro Reglamento, supra, consideramos que los argumentos del señor Rodríguez Aponte no nos mueven a intervenir con el dictamen recurrido en esta etapa de los procedimientos. En vista de ello, denegamos la expedición del auto solicitado.

IV.

Por las razones antes expuestas, denegamos la expedición del auto solicitado.

Notifíquese inmediatamente.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones